IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30503
Conference Calendar

_____

TOBY IHLI,

                                        Plaintiff-Appellant,

versus

WILLIAM J. CUTRERA; E. WOODY THOMPSON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-2361
- - - - - - - - - -

February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Toby Ihli argues that the district court failed to apply correctly the standards for dismissing a complaint under FED. R. CIV. P. 12(b)(6). Ihli asserts that there are conceivable facts under his allegations which, if proved, would support his civil rights suit against the defendants, a state-court judge and a private attorney who had represented Ihli's ex-wife in prior state-court proceedings. We have carefully read the arguments

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the appellate record. We independently conclude that the district court did not err in its Rule 12(b)(6) determination because the state-court judge is entitled to absolute judicial immunity and because Ihli's complaint fails to allege the deprivation of a federal right. See Word of Faith World Outreach Ctr. Church v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Daniel v. Ferguson, 839 F.2d 1124, 1128 (5th Cir. 1988).

Ihli challenges the district court's sanction order by arguing that FED. R. CIV. P. 11 sanctions cannot be imposed against pro se litigants. Sanctions may be imposed on pro se litigants. See Whittington v. Lynaugh, 842 F.2d 818, 820-21 (5th Cir. 1988).

This appeal is without arguable merit and is thus dismissed as frivolous. See 5TH CIR. R. 42.2.

Thompson suggests the propriety of sanction against Ihli. We decline to impose sanctions pursuant to FED. R. APP. P. 38. However, Ihli is warned that future frivolous appeals will invite the imposition of sanctions. Ihli should review any pending appeals to ensure that they do not raise frivolous arguments.

DISMISSED AS FRIVOLOUS. REQUEST FOR SANCTIONS DENIED. SANCTION WARNING ISSUED.